JAMES VAN RODEN, FOR THE EAST RUTHERFORD FIRE-
MEN'S RELIEF ASSOCIATION, RESPONDENT, v. MIL-
TON D. STRAUSS, PROSECUTOR.

Submitted December 7, 1916—Decided February 21, 1917.

The act of 1885, requiring the payment of a percentage on premiums
received by foreign fire insurance companies for the benefit of
firemen's relief associations, does not authorize the Court of
Common Pleas to impose the penalty or forfeiture therein pro-
vided for, or to enter a judgment for damages by summary
proceedings.

On *certiorari.*

Before Justices SWAYZE, MINTURN and KALISCH.

For the prosecutor, *August C. Streitwolf.*

For the respondent, *Campbell & DeTurck.*

The opinion of the court was delivered by

SWAYZE, J.   This is an extraordinary proceeding.   Van
Roden, as treasurer of the East Rutherford Firemen's Relief
Association, petitioned the judge of the Bergen Pleas, under
the act of 1885, to facilitate the collection from fire insurance
companies of other states and from agents and brokers of
certain premiums for the benevolent funds of duly incorpo-
rated firemen's relief associations.   The petition charged in
the alternative that Strauss had "failed, neglected or refused"
to make a return to the petitioner of insurance placed by
him in an English company; and had "failed, neglected or re-
fused" to pay petitioner the two per cent. on each hundred
dollars of premiums; and had in several other ways not speci-
fied "failed, neglected and refused" to comply with the pro-
visions of the act; that by reason thereof the East Rutherford
Firemen's Relief Association had been injured and damaged.
The petitioner prayed an order requiring Strauss to produce
in court all his books of account of business transacted by him

as agent or broker for insurance against fire upon property located in East Rutherford, in foreign insurance companies; and requiring him to make discovery as to all of his transactions as such agent or broker by the production of his property, effects, books, papers, documents, &c., or by examination of such persons or other witnesses as might have knowledge thereof; and take (evidently meaning that the court should take) such other proceedings by order or decree for the production of such books, records, or witnesses, and for the forfeiture and payment to the petitioner for the use of the relief association of such penalty as Strauss might be subject to or liable for, as to the judge might seem reasonable or just or the nature of the case might require.

Upon this petition the judge ordered Strauss to appear personally and produce for examination all his books of account of business transacted by him as agent or broker for insurance on property in East Rutherford, in foreign insurance companies, and to make discovery as to all of his transactions as such agent or broker by the production of his property, effects, books, papers, documents, &c., which relate to such transactions, or by the examination of such persons or other witnesses as might have knowledge thereof, and to abide the judgment and decree of the court in the premises.

After a hearing before the judge, an order was made which recited that Strauss had failed, neglected or refused (still in the alternative) to file with Van Roden a return of premiums; that Van Roden, as treasurer, was entitled to receive said report, and that the relief association was injured by the failure, neglect or refusal of Strauss to file the report; after these recitals it was ordered that Strauss forfeit and pay to Van Roden, as treasurer, $500, and that a judgment for said amount be entered in favor of Van Roden, treasurer, against Strauss. Judgment was then entered for $500 *damages.* The prosecutor seeks by *certiorari* to reverse this judgment because, among other reasons, it was arbitrary, unjust and unlawful.

It is suggested that *certiorari* is not the proper remedy, but, obviously, this proceeding was not according to the course

of the common law; it was more like a summary proceeding. Clearly, *certiorari* is the proper remedy. *East Orange* v. *Hussey,* 70 *N. J. L.* 244. The question has been recently dealt with by this court with ample citation of authority. *City Bank of Bayonne* v. *O'Mara,* 88 *Id.* 499. Since the proceeding is not according to the course of the common law, the only question is whether it is authorized by statute. The only statute is the act of 1885, above referred to, and the only provision therein that gives jurisdiction to the Common Pleas is in section 3. *Comp. Stat., p.* 2446, *pl.* 459. The only authority conferred by that section is to compel the agent or broker to produce his books of account for examination by the court. It gives no power to compel the agent or broker to make discovery by the production of property, effects, papers and documents, or by the examination of the agent or other witnesses, or to adjudge a forfeiture, impose a penalty, or enter a judgment for damages. Section 4 provides for a forfeiture to the treasurer of the relief association of $500 for each offence, but confers no power on the Common Pleas to ascertain the facts except as to a false return of business done; much less does it confer power to impose the forfeiture and to enter a judgment for damages. We need go no further, but it may be well to add that the order served upon Strauss, itself did not suggest to him that the court would undertake such arbitrary and unlawful action. No one reading the order and knowing the statute would suppose that it was meant to enter a personal judgment without pleadings, without an issue joined, and without a trial by jury; and a judgment for damages without evidence as to the amount.

It is unnecessary to discuss the very interesting and important question as to the right of the legislature to impose a tax for the benefit of a private corporation like the firemen's relief association.

Since the Common Pleas exceeded its jurisdiction, the judgment must be reversed. The prosecutor is entitled to costs.